
FILED
2010 Apr-15  PM 12:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **WILLIE L. WILSON,** | ] |
| Plaintiff, | ] |
| vs. | ]   CV 09-J-1967-E |
| **MICHAEL J. ASTRUE,** **Commissioner of the Social Security Administration**, | ] |
| Defendant. | ] |

**MEMORANDUM OPINION**

This matter is before the court on the record and the briefs of the parties.  The court has jurisdiction pursuant to 42 U.S.C. § 405.  The plaintiff is seeking reversal and remand of the final decision of the Commissioner.  All administrative remedies have been exhausted.

The plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, asserting he was unable to work due to problems with his hands, a gun shot wound to his stomach, hemorrhoids, sleep problems, and migraines (R. 134, 428). The plaintiff has asserted that headaches and the problems with his hands are the main reasons he is unable to work (R. 444).  The evidence in the record concerning the plaintiff's headaches is, at best, contradictory.  After remand from the Appeals Council, the Administrative Law Judge set forth the opinions of five different consultative examiners in considerable detail (R. 20-23).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal

standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff argues that the ALJ's decision is not supported by substantial evidence because the medical evidence of record establishes headaches of a frequency, severity and duration so as to preclude the plaintiff from all work. Plaintiff's memorandum, at 2. Although the plaintiff claims his headaches, at their current severity, result from a closed head injury on December 3, 2003, and amended his alleged onset date accordingly (plaintiff's memorandum at 6), he testified at his 2009 hearing that he stopped working at Blazer Fabricating because it closed and has worked nowhere since (R. 466-467). His earnings report reflects his last year of earnings from this employer was in 2002 (R. 122-123), a year before sustaining the closed head trauma on which he blames his inability to work. The emergency room records from December 2003 reflect the plaintiff suffered a closed head injury from a fall (R. 250). In March 2004 the plaintiff was again treated in an emergency room for a closed head trauma (R. 252). At that time, a head CT found no abnormalities (R. 253).

The plaintiff relies on Dr. Hasmukh Jariwala's consultative examination as evidence of the severity of his headaches. Plaintiff's memorandum, at 7. In his 2007 report, Dr. Jariwala notes plaintiff alleged headaches 2 to 3 times a week for about a year (R. 283). Thus, Dr. Jariwala's records do not support plaintiff's allegation of disability beginning in 2003. Additionally, at no point does Dr. Jariwala opine the plaintiff is unable to work. Rather, Dr. Jariwala notes the plaintiff has mild to moderate impairments in his hands, but

his grip strength was 5/5 (R. 286). Concerning the plaintiff's headaches, Dr. Jariwala stated that he found no focal neurological deficit, "except the patient gives a history of migraine headache as I described above" (R. 286). Similarly, the plaintiff's reliance on the report of Dr. Wael Hamo is misplaced. Dr. Hamo did note that based on his one time evaluation, the plaintiff had right-sided migraine headaches (R. 297) which could result from a variety of impairments, including alcohol abuse (R. 298). He noted Advil provided the plaintiff with mild relief[1] (R. 299), and opined the plaintiff had memory problems due to a brain concussion one and a half years prior to this 2008 evaluation (R. 302).[2] In additional to a number of medical recommendations, Dr. Hamo listed what he believed to be the plaintiff's work limitations, including avoiding repetitive activity with his right arm and both legs, limiting stooping, climbing and bending, avoiding sitting longer than one hour at one time and standing longer than 15 minutes at one time, lifting no more than 15 pounds, avoiding unprotected heights and bright lights (R. 303). He also opined the plaintiff should be on a regular schedule of meals (R. 303). In a form he completed, Dr. Hamo noted the plaintiff would need 10 -15 minute breaks every 2-3 hours (R. 300). In other words, Dr. Hamo did not believe the plaintiff to be incapable of all substantial gainful activity.

Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals

---

[1] During the 2009 hearing, the plaintiff testified he took only Advil for his headaches and that it helped (R. 471). He also testified he had headaches daily, with pain at the severity of 9 on a scale of 1-10, and that this was unchanged since 2003 (R. 471-472).

[2] The court again notes an injury one and a half years prior to 2008 does not support a disability beginning in December 2003. Similarly, the 2006 report of Dr. Hisham Hakim, a neurologist, notes the plaintiff's complaints of headaches for the prior year (R. 259). The 2006 report of Dr. Ammar S. Aldaher notes "[n]o headache..." (R. 261.

Council, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standard to each issue presented.  Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

    Done, this _15th  day of  April, 2010.

                                            INGE PRYTZ JOHNSON
                                            U.S. DISTRICT JUDGE